UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED ROAD LOGISTICS LLC,

        Plaintiff,          CASE NO. 16-12128
                                       HON. DENISE PAGE HOOD

v.

ALPHA TRANSPORTATION
GROUP LLC,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [#24] AND DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL AND STAY REMAND PENDING APPEAL [#26]

**I. BACKGROUND**

This matter is now before the Court on Defendant Alpha Transportation Group LLC's ("Alpha") Motion for Reconsideration filed on April 4, 2017 (Doc # 24), and Alpha's Motion to Certify Interlocutory Appeal and Stay Remand Pending Appeal filed on April 6, 2017 (Doc # 26). On March 22, 2017, the Court entered an Order Granting in Part and Denying in Part Defendant's Motion to Dismiss and Order Remanding Back to Wayne County Circuit Court. (Doc # 22) For the reasons set forth below, the Court denies Alpha's Motion for Reconsideration and denies Alpha's Motion to Certify Interlocutory Appeal and Stay Remand Pending Appeal.

1

## II.  MOTION FOR RECONSIDERATION

### A. Standard of Review

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order.  E.D. Mich. LR 7.1(h)(1).  No response to the motion and no oral argument thereon are permitted unless the Court orders otherwise.  *Id.* at 7.1(h)(2).  Alpha's Motion is timely filed.

Local Rule 7.1 further states:

> **(3) Grounds.**  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3).  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."  *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).  A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.  *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

**B. Palpable Defect**

Alpha argues that the Court made a palpable error when the Court rejected Alpha's argument that United Road Logistics LLC's ("URL") breach of contract claim is preempted by the Carmack Amendment because Alpha, an interstate motor carrier, never executed an express written waiver, pursuant to 49 U.S.C. § 14101(b), of its right to limited liability under the Carmack Amendment.

In its March 22, 2017 Order, this Court expressly considered Alpha's argument that, in the absence of an express written waiver, the Carmack amendment governed Alpha's liability, rather than the broker-carrier contract between URL and Alpha. The Court also expressly considered URL's argument that the express written waiver requirement applied only to shippers and carriers, and not brokers. The Court went on to quote and analyze the express written waiver requirement in the Carmack Amendment, 49 U.S.C. § 14101(b)(1). The Court found that, under the plain terms of the statute, only a shipper and a carrier can enter into an agreement waiving rights under the statute. *See Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 148-49 (6th Cir. 2015). The Court further found that URL's breach of contract claim is not preempted by the Carmack Amendment because it is a claim for direct contractual indemnity under the terms of a separate broker-carrier contract, and not a claim under the bill of lading.

The Court finds that Alpha has not met its burden on a motion for reconsideration, as it has not demonstrated a palpable defect by which the court has been misled. Instead, Alpha reargues the same arguments that this Court already rejected. Alpha cites several cases (which it could have cited earlier) in its Motion for Reconsideration. These cases include general discussions of the Carmack Amendment's purpose and scope, but Alpha fails to cite any case in which a broker's claim against a carrier for direct contractual indemnity under the terms of a broker-carrier contract that is entirely separate from the bill of lading was held to be preempted by the Carmack Amendment.[1] As the Court discussed in its March 22, 2017 Order, such preemption would not serve the Carmack Amendment's purpose given that the shipper is not involved, and given that the carrier can easily predict its potential liability when entering into such a broker-carrier contract under the laws of the state in which the contract is made. Alpha's Motion for Reconsideration is denied.

---

[1] In contrast, the Carmack Amendment does provide the shipper's (or his subrogee's or assignee's) exclusive remedy in actions seeking damages for the loss of property shipped in interstate commerce by a carrier *under a receipt or bill of landing*. *See Hoskins v. Bekins Van Lines,* 343 F.3d 769, 777 (5th Cir. 2003); *TransCorr Nat. Logistics, LLC v. Chaler Corp.*, No. 1:08-CV-375-TAB-SEB, 2008 WL 5272895, at *4 (S.D. Ind. Dec. 19, 2008) (noting that the plaintiff broker could not reasonably be the holder of the bill of lading where it did not own the property being shipped and was not suing on behalf of or taking over the claim of its shipper-customer).

## III. MOTION TO CERTIFY INTERLOCUTORY APPEAL AND STAY REMAND PENDING APPEAL

Alpha argues that the Court should certify an interlocutory appeal and stay the remand pending appeal because this Court's March 22, 2017 Order rejecting Alpha's Carmack preemption argument involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the Order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). Alpha intends to appeal the portion of this Court's March 22, 2017 Order rejecting its Carmack preemption argument. Alpha is concerned that the Sixth Circuit may view the appeal as premature because there is no final judgment. Alpha notes that there will be no final judgment in this Court from which Alpha could appeal because the case has been remanded to state court. Although no Judgment has been issued and this Court has not granted the request for certification of interlocutory appeal, Alpha filed a Notice of Appeal on April 20, 2017. (Doc # 27)

The mere fact that a district court may have erred, not matter how obvious or clear the error, does not permit appellate review absent a congressional grant of authority. *DaWalt v. Purdue Pharma, L.P.*, 397 F.3d 392, 396-97 (6th Cir. 2005). "Where an order of remand is appealed, 28 U.S.C. § 1447 . . . presents a seemingly ironclad bar to review—no matter how the appeal is fashioned." *Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395, 1399 (6th Cir. 1995) (internal

quotations omitted). Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). Section 1442, related to federal officers and agencies, and Section 1443, related to civil rights cases, do not apply in the case at bar. "Section 1447(d) was enacted so that, once remanded, state court actions could proceed without delay regardless of the correctness of federal courts' jurisdictional decisions." *Zuniga*, 52 F.3d at 1400 (internal quotations omitted).

However, the Supreme Court held long ago that Section 1447(d) precludes review only of remand orders issued pursuant to Section 1447(c). *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 344 (1976). Section 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If a district court remands a case based on the grounds listed in 28 U.S.C. § 1447(c), such a remand order is not reviewable. *Zuniga*, 52 F.3d at 1400. "This is true even if the district court's decision to remand is based on erroneous principles or analysis." *Id.* (internal quotations omitted).

6

"An order of remand on jurisdictional grounds is neither a final judgment for purposes of 28 U.S.C. § 1291 nor a ruling falling within the "collateral order" exception to that rule." *Baldridge v. Kentucky-Ohio Transp., Inc.*, 983 F.2d 1341, 1343 (6th Cir. 1993). An order of remand based on a determination that there is no complete preemption is jurisdictional and unreviewable. *Id.* at 1346. "A remand for lack of complete preemption, that is, a remand for lack of subject matter jurisdiction in the district court, does *not* foreclose state-court litigation on the preemption defense." *Id.* at 1347 (emphasis in original).

In its March 22, 2017 Order, this Court expressly concluded that it lacked subject matter jurisdiction. (Doc # 22, Pg ID 284) The Court's preemption inquiry in this case was necessarily related to the question of jurisdiction, and the "heart" of the Order was jurisdictional. *See Baldridge*, 983 F.2d at 1349. Accordingly, the Court finds that its March 22, 2017 Order falls within Section 1447(c) and is unreviewable under Section 1447(d), even if this Court's decision to remand was based on erroneous principles or analysis. *See id.* at 1350. As the Court interprets its March 22, 2017 Order as purely jurisdictional, Alpha may raise the merits of any preemption defense in state court. *See id.* Alpha's Motion to Certify Interlocutory Appeal and Stay Remand Pending Appeal is denied.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant Alpha Transportation Group LLC's Motion for Reconsideration (Doc # 24) is DENIED.

IT IS FURTHER ORDERED that Defendant Alpha Transportation Group LLC's Motion to Certify Interlocutory Appeal and Stay Remand Pending Appeal (Doc # 26) is DENIED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: May 5, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 5, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager